[No. 351-3.    Division Three.    March 23, 1971.]

In the Matter of the Application for a Writ of Habeas
Corpus of CHARLES EMERSON BROWN, *Petitioner*, v.
B. J. RHAY, *as Superintendent of the State
Penitentiary, et al., Respondents.*

*Robert D. McGoldrick*, for petitioner.

*Slade Gorton, Attorney General*, and *David W. Schiffrin*,
*Assistant*, for respondents.

PER CURIAM.—Petitioner, Charles Emerson Brown, was
convicted and sentenced on two separate occasions for the
crime of burglary. He was placed on parole. On October 30,
1970, petitioner was charged with being in violation of his
parole for (1) having committed forgery, and (2) failing to
maintain himself constructively involved in school or em-
ployment as required under his parole contract. The viola-
tion report also showed a conviction for three misdemean-
ors. The violation report recommended an on-site hearing.

On November 20, 1970, based upon verification of the
misdemeanor convictions by the Board of Prison Terms and
Paroles, petitioner's parole was revoked. Because the order
revoking the parole incorrectly identified the misdemeanor
convictions, the board on February 22, 1971 entered an
amended order properly identifying the convictions.

Petitioner challenges the legality of his detention on the
ground he requested an on-site hearing pursuant to RCW
9.95.120. No hearing was held. The forgery charge was dis-
missed and the parole revoked based on the misdemeanor
convictions. He contends that because the misdemeanor
convictions were passed over in the original violation re-
port as a ground for revocation, he was entitled to the
on-site hearing. This contention is without merit.

The pertinent part of RCW 9.95.120 reads as follows:

> Whenever a paroled prisoner is accused of a violation of his parole, *other than the commission of,* and conviction for, *a* felony or *misdemeanor* . . .

(Italics ours.) The statute clearly provides that when a parolee has been convicted of a misdemeanor, his parole can be revoked without an on-site hearing. Petitioner was convicted of three misdemeanors. Therefore, the petition is denied.